OPINION
{¶ 1} Appellant Cabin Homes, Inc. appeals the Canton Municipal Court decisions granting default judgment to Appellee Romano and denying Appellant's 60(B) Motion to Vacate the Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The relevant facts in this case are as follows:
 {¶ 3} On September 15, 2006, Appellee Ronald Romano (hereinafter "Romano") filed his initial complaint against Appellant Cabin Homes (hereinafter "Cabin Homes") for claims of account, breach of contract and unjust enrichment for three masonry jobs he performed for Cabin Homes, submitted invoices for, and was not paid.
 {¶ 4} On September 25, 2006 the Summons was returned stating that there is "no such number" for Cabin Homes.
 {¶ 5} On September 26, 2006, Appellee Romano filed an Amended Complaint against Cabin Homes.
 {¶ 6} On September 28, 2006, service of the Amended Complaint was perfected on Cabin Homes.
 {¶ 7} On September 29, 2006, Cabin Homes filed a motion entitled "Leave to Plead" and a Motion by Atty. Eric Domer to Practice in this case.
 {¶ 8} By separate Orders dated October 2, 2006, the trial court granted permission to Atty. Domer to practice in this case and also granted Appellant's Motion for Leave to Plead, therein ordering that Cabin Homes answer or otherwise plead on or before the 16th day of October, 2006. *Page 3 
 {¶ 9} On October 4, 2006, Appellee Romano served on Cabin Homes Interrogatories, Requests for Production of Documents and Requests for Admission.
 {¶ 10} On October 5, 2006, the trial court ordered Appellant Cabin Homes to answer Appellee Romano's discovery requests by October 23, 2006, due to the fact that the trial date is scheduled for October 30, 2006.
 {¶ 11} On October 17, 2006, Appellant Cabin Homes filed a 12(B)(3) Motion to Dismiss stating that venue in Canton Municipal Court was improper asserting offsets and counter claims that exceed the $15,000.00 jurisdiction of this court.
 {¶ 12} October 18, 2006, the trial court overruled Appellant Cabin Homes' 12(B)(3) Motion stating that "[t]he Court notes that this Motion is premature since a counterclaim exceeding the monetary jurisdiction of the Court has yet to be filed."
 {¶ 13} On October 19, 2006, Appellee Romano filed a Motion to Strike the 12(B)(3) Motion for being untimely filed, and a Motion for Default Judgment pursuant to Civ.R. 55(A) against Cabin Homes for Cabin Homes' failure to timely plead.
 {¶ 14} On October 24, 2006, Cabin Homes filed its Answer, Counterclaim and a second 12(B)(3) Motion.
 {¶ 15} On October 26, 2006, Appellee Romano filed a Motion to Strike Cabin Homes' Answer, Counterclaim and second 12(B)(3) Motion.
 {¶ 16} On October 30, 2006, the day set for oral hearing on Appellee Romano's Motion for Default Judgment, and Appellant Cabin Homes' second 12(B)(3) Motion, Appellant Cabin Homes filed its Reply to Appellee Romano's Motion for Default Judgment. *Page 4 
 {¶ 17} In said Reply, Appellant Cabin Homes argued that default judgment should not be granted because it deposited its Motion to Dismiss in the U.S. Mail depository on October 16, 2006, properly addressed as required by the rules pertaining to service of process, and as required by Judge Poulos' Order. Further, Cabin Homes argued that Judge Poulos had the discretion to accept further pleadings even if they were technically late.
 {¶ 18} On October 30, 2006, the trial court granted Appellee Romano's Motion for Default Judgment and entered judgment against Appellant Cabin Homes in the amount of $12,793.39 plus interest and costs.
 {¶ 19} On November 13, 2006, Cabin Homes filed a 60(B) Motion wherein it argued inter alia that the trial court improperly shortened its response time for filing its Answer in this matter.
 {¶ 20} On November 28, 2006, Cabin Homes filed its Notice of Appeal of the trial court's October 30, 2006, Entry in the Canton Municipal Court. Said Notice was filed with this Court of Appeals on December 1, 2006.
 {¶ 21} By Entry filed November 29, 2006, the trial court denied Appellant's 60(B) Motion. On November 29, 2006, the trial court also denied Cabin Homes' Motion to File Reponses to Request for Admissions as Timely Filed. Cabin Homes filed a Notice of Appeal on this decision, but failed to assign it as an assignment of error in its Brief.
 {¶ 22} On December 19, 2006, Appellant Cabin Homes filed its Notice of Appeal of the trial court's November 29, 2006, Entry in the Canton Municipal Court. Said Notice was filed with this Court of Appeals on December 22, 2006.
 {¶ 23} Appellant now assigns the following errors for review: *Page 5 
 ASSIGNMENTS OF ERROR {¶ 24} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REDUCING DEFENDANT-APPELLANT'S TIME TO ANSWER OR OTHERWISE PLEAD TO LESS THAN 28 PROVIDED IN CIV. RULE 12(A)(1).
 {¶ 25} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PLAINTIFF-APPELLEE'S DEFAULT MOTION WHERE THE PLEADING OTHER THAN COMPLAINT WAS SERVED PURSUANT TO CIVIL RULE 5.
 {¶ 26} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REDUCING DEFENDANT-APPELLANT'S TIME TO ANSWER OR OTHERWISE PLEAD TO LESS THAN 14 DAYS AS PROVIDED IN CIV. RULE 12(A)(2)(a).
 {¶ 27} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING RELIEF TO DEFENDANT-APPELLANT, DURABILT, INC. WHERE DURABILT HAD DEMONSTRATED ALL THREE FACTORS REQUIRED UNDER CIV. R. 60(B)."
 I. {¶ 28} In its first assignment of error, Appellant argues that the trial court erred in reducing his time to file an Answer to the Amended Complaint to less than twenty-eight (28) days. We agree.
 {¶ 29} Appellee argues that Cabin Homes had every opportunity but never raised the argument that, in response to filing a Motion for Leave to Plead after being served Romano's Amended Complaint, the Court "shortened" Cabin Homes' 28-day answer date. Additionally, Cabin Homes never raised this argument during the oral hearing. *Page 6 
 {¶ 30} Initially, we find Appellee's argument that Appellant waived any error with regard to the shortening of the Answer time in this matter, not well-taken because Appellant did raise such argument in his 60(B) motion and the denial of such motion is part of this appeal.
 {¶ 31} Civil Rule 12 provides:
 {¶ 32} "(A) When answer presented
 {¶ 33} "(1) Generally. The defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him; if service of notice has been made by publication, he shall serve his answer within twenty-eight days after the completion of service by publication.
 {¶ 34} "(2) Other responses and motions. A party served with a pleading stating a cross-claim against him shall serve an answer thereto within twenty-eight days after the service upon him. The plaintiff shall serve his reply to a counterclaim in the answer within twenty-eight days after service of the answer or, if a reply is ordered by the court, within twenty-eight days after service of the order, unless the order otherwise directs. The service of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (a) if the court denies the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after notice of the court's action; (b) if the court grants the motion, a responsive pleading, delayed because of service of the motion, shall be served within fourteen days after service of the pleading which complies with the court's order."
 {¶ 35} Additionally, Civ.R. 6(B) authorizes the extension of the answer date beyond the twenty-eight day deadline specified in Civ.R. 12(A), providing, in relevant *Page 7 
part: "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." Thus, a court has discretion to grant an extension of time for cause shown, if a party requests the extension before the filing deadline passes.
 {¶ 36} Appellee's cite to Civ.R. 15(A), which governs amended pleadings, and provides that a party "shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."
 {¶ 37} In this case, the Complaint was filed on September 15, 2006, but service was never perfected. An Amended Complaint was then filed on September 26, 2006, with service being perfected on September 28, 2006. Appellant Cabin Homes therefore had 28 days from the date of "service" within which to file its Answer or otherwise respond to the Amended Complaint. Civ.R. 15(A) is not applicable in that the original complaint had never been served on Appellant Cabin Homes.
 {¶ 38} The Summons from the Canton Municipal Court which was served on Appellant on September 28, 2006, along with the Amended Complaint, specifically states: *Page 8 
 {¶ 39} "You are hereby summoned and required to serve upon plaintiffs attorney, or upon the plaintiff, if he has no attorney of record, a copy of an ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER SERVICES OF THIS SUMMONS ON YOU, exclusive of the day of service."
 {¶ 40} We therefore find that Appellant Cabin Homes' Answer was due on October 26, 2006, 28 days after service. Appellee Romano filed his motion for default on October 19, 2006. Thus, the motion for default was filed seven days prior to any actual default and should have been denied. Therefore, the trial court improperly granted default judgment.
 {¶ 41} The judgment of the Canton Municipal Court, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
Farmer, P. J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs assessed to appellee. *Page 1